**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PATRICK D. SANDERS, | § | |
| (SPN #02549493) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-19-1249 |
| | § | |
| GILBERT SAWTELLE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Patrick Dewayne Sanders, an inmate of the Harris County Jail ("HCJ"), sued in March 2019, seeking a writ of mandamus against Gilbert Sawtelle, the Assistant District Attorney for Harris County. Sanders asserts that Sawtelle has violated Sanders's right to a speedy trial. Sanders explains that on September 7, 2018, his trial was scheduled for January 11, 2019; however, no trial took place. Sanders states that he has been illegally confined for 46 months. Sanders asks that all charges be dismissed. He further seeks his immediate release from custody.

Sanders seeks an order compelling Sawtelle to dismiss all criminal charges against Sanders. The threshold issue is whether this Court has jurisdiction to consider Sanders's petition for a writ of mandamus.

**I.    Background**

Online research reveals Sanders is currently awaiting trial on the following charges:

1.    unauthorized use of a vehicle in Cause Number 146851501010;

2.    evading arrest/detention with a vehicle in Cause Number 146851601010;

O:\RAO\VDG\2019\19-1249.a01.wpd

3.      aggravated robbery with a deadly weapon in Cause Number 146851701010;

4.      aggravated robbery with a deadly weapon in Cause Number 146019101010; and

5.      aggravated robbery with a deadly weapon in Cause Number 133122801010.

The Court has learned through telephone inquiry that Sanders has been confined in the HCJ since July 21, 2016.

## II.      Analysis

To the extent Sanders seeks a writ of mandamus against Sawtelle, this Court lacks jurisdiction.   Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.,* 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994).  The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.,* 112 F.3d at 1288 (quoting 28 U.S.C. § 1361).  The respondent in this case is Gilbert Sawtelle, an Assistant District Attorney of Harris County.   The respondent is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this Court.  This Court lacks jurisdiction to entertain Sanders's request for mandamus relief.

In addition, to the extent that Sanders asks this Court to intervene in an ongoing criminal proceeding and dismiss the charges against him, his claims are barred by the doctrine set out in *Younger v. Harris,* 401 U.S. 37, 43-45 (1971), which holds that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is

alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir. 1984). Sanders does not allege facts showing that exceptional circumstances are present or that federal court intervention is otherwise warranted. For this additional reason, the petition for a writ of mandamus is DISMISSED.

## III. Conclusion

Sanders's petition for a writ of mandamus is DENIED. Any and all remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on _____ April 15 _____, 2019.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE